IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| JAMES F. OUTLAW, | ) | CIVIL 14-00371 LEK-KSC |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | |
| JOHN MCHUGH, Secretary, Department of the Army; and DEPARTMENT OF THE ARMY, | ) | |
| Defendants. | ) | |

**ORDER GRANTING DEFENDANT JOHN M. MCHUGH'S MOTION TO DISMISS**

On March 11, 2015, Defendant John McHugh, Secretary, Department of the Army ("Army" and "McHugh"), filed his Motion to Dismiss ("Motion"). [Dkt. no. 14.] Pro se Plaintiff James F. Outlaw ("Plaintiff") failed to file a memorandum in opposition, although this Court extended his deadline to do so. See Entering Order, filed 4/24/15 (dkt. no. 16). The Court finds this matter suitable for disposition without a hearing pursuant to Rule LR7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawai`i ("Local Rules"). After careful consideration of the Motion, McHugh's supporting memorandum, and the relevant legal authority, the Motion is HEREBY GRANTED for the reasons set forth below.

**BACKGROUND**

On August 20, 2014, Plaintiff filed his "Complaint for Damages and Injunctive Relief - 1. Invalid/Fraudulent Settlement

Agreement and for Specific Performance and Suspension; Discrimination/Reprisal and Damages" ("Complaint"), asserting federal question jurisdiction pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. § 2000e-1, *et seq.* Along with the five-page Complaint, Plaintiff attaches five exhibits.[1] The gist of the lawsuit appears to be an attempt to undo a negotiated settlement agreement ("NSA" or "Settlement Agreement") between Plaintiff and the Army resolving various discrimination complaints, and the consequences of the NSA.

On July 27, 2011, Plaintiff, his representative, and an Army representative executed the NSA.[2] [Complaint, Exh. 1 (NSA) at 8.] In the NSA, the Army agreed to: pay Plaintiff a lump sum of $48,000.00; purge from Plaintiff's personnel file all documents referring to Plaintiff's absence without leave from

---

[1] Although he numbers the exhibits 1 through 6, he only includes a cover sheet for Exhibit 2, with a handwritten note stating, "presently missing."

[2] Since Plaintiff is proceeding pro se, this Court must (and does) construe the Complaint liberally. See Nordstrom v. Ryan, 762 F.3d 903, 908 (9th Cir. 2014) ("[p]ro se complaints are construed liberally" (citations and internal quotation marks omitted)). Moreover, the Court here considers the exhibits as part of the Complaint. See, e.g., Davis v. KHNL/KGMB, LLC, Civil No. CIV. 14-00483 SOM/BMK, 2015 WL 3448737, at *1 (D. Hawai`i May 28, 2015) ("[C]ourts may 'consider certain materials — documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice — without converting the motion to dismiss into a motion for summary judgment.'" (quoting United States v. Ritchie, 342 F.3d 903, 908 (9th Cir. 2003)).

November 2, 2010 to February 18, 2011; and cancel Plaintiff's removal from federal service. Plaintiff agreed to, *inter alia*: withdraw various Equal Employment Opportunity ("EEO") complaints and appeals that he had made over the previous years;[3] consider the NSA to be a global settlement of all of these claims; and voluntarily retire from federal service with an effective retirement date of November 1, 2010. The NSA provides an enforcement mechanism whereby, if Plaintiff believes the Army has failed to comply with the terms of the NSA, he must notify the EEO/Civil Rights Office within thirty days of when he learned (or should have learned) of the failure, and he may appeal the decision on the notice to the Equal Employment Opportunity Commission ("EEOC"). [NSA at ¶¶ 4, 5, 8.] Further, it provides that, "[t]he parties agree that [Plaintiff's] sole remedy for an alleged agency breach of this Settlement Agreement is to request that the terms of the Settlement Agreement allegedly breached be implemented." [Id. at ¶ 8.]

While the agency was processing his retirement, on August 18, 2011, he submitted a request for sick leave from November 1, 2010, the termination date provided by the NSA, to July 27, 2011, the NSA execution date. On August 27, 2011, he

---

[3] Plaintiff alleges that the complaints were "among other basis [sic], discrimination by the Defendant Army at the U.S. Army Yuma Proving Ground in Yuma, Arizona." [Complaint at ¶ 10.] This is the sole allegation as to the substance of any of his EEO claims.

3

submitted another request from July 28, 2011 to August 25, 2011. [Complaint, Exh. 3 (Outlaw v. Army, Docket Number DE-0752-11-0514-I-1, Initial Decision, Before Glen D. Williams, Administrative Judge, Mar. 7, 2012 ("AJ Decision")), at 3.] Apparently, both of these requests were denied. Then, on August 30, 2011, Plaintiff filed a Complaint with the Merit Systems Protection Board ("Board"), alleging that he was suspended from duty ("Suspension Complaint"). [Complaint at ¶ 12.] On September 14, 2011, the agency processed Plaintiff's retirement. On March 7, 2012, the AJ dismissed the Suspension Complaint, finding that the AJ did not have jurisdiction over the suspension claim because Plaintiff was not an employee as of November 1, 2010, and thus the AJ could not consider his claim for a suspension thereafter. [AJ Decision at 1-5.]

On October 19, 2012, the Board affirmed the AJ Decision. [Complaint, Exh. 4 (Outlaw v. Army, Docket Numbers DE-0752-11-0279-I-2, DE-0752-11-0514-I-1, Final Order, Oct. 19, 2012 ("Board Decision")) at 5.] Further, the Board also rejected Plaintiff's argument that the NSA was invalid, as unsupported.[4] [Board Decision at 2-3.]

On October 23, 2013, Plaintiff filed an appeal with the

---

[4] It appears from the Board Decision, and other exhibits, that Plaintiff raised this argument before a different AJ, and that in another initial decision, that AJ rejected it. This decision is not part of the record and it is immaterial, in any event, because the Board Decision rejected the argument.

4

United States Court of Federal Claims.[5]  [Complaint at ¶ 18; id.,

Exh. 6 (Outlaw v. United States, No. 13-833 C, Opinion and Order of Dismissal, June 17, 2014 ("Claims Court Opinion")), at 2.]  On June 17, 2014, the Claims Court found that it did not have jurisdiction to review the AJ and Board decisions regarding the Suspension Complaint, and the NSA's validity, because exclusive review of the Board rests with the United States Court of Appeals for the Federal Circuit.[6]  [Claims Court Opinion at 7.]  In addition, the Claims Court concluded that it did not have jurisdiction over Plaintiff's claims to void the NSA and for breach of the NSA, since it only has jurisdiction over claims for money damages.  [Id. at 9, 12.]  Plaintiff thereafter filed the instant Complaint.

The Complaint appears to allege the following claims: discrimination and retaliation; cancellation of the NSA because it was invalid and/or fraudulent; and breach of contract against the Army for suspending Plaintiff and failing to properly execute

---

[5] In the interim, on June 27, 2013, Plaintiff also attempted to appeal the Board Decision to the EEOC, which rejected the appeal on the ground that it had no jurisdiction to consider a procedural matter decided by the Board.  [Complaint, Exh. 5 (Outlaw v. McHugh, Petition No. 0320130033, MSPB No. DE075211027912, Denial of Reconsideration, September 19, 2013 ("EEOC Decision")), at 1-2.]

[6] The Claims Court Opinion explains that Plaintiff had already appealed to the Federal Circuit, but his appeal had been rejected as untimely.  [Claims Court Opinion at 6 n.5.]

5

his retirement application.[7]  [Complaint at ¶¶ 21-27.]  Plaintiff requests the following relief: declaratory judgments that the NSA is invalid and/or fraudulent, and the AJ erred in ruling Plaintiff was not an employee up through September 13, 2011; reinstatement of Plaintiff's employment at Schofield Barracks in Hawai`i or, alternatively, compensation for loss of salary and benefits; general, compensatory, and incidental damages; attorneys' fees and costs; interest; and all other appropriate relief.  [Id. at pgs 4-5.]  McHugh's Motion followed thereafter.[8]

## DISCUSSION

### I. Discrimination and Retaliation

To bring a Title VII case before this Court, Plaintiff must first exhaust his administrative remedies.  He is obligated to make contact with an EEO counselor within forty-five days of the purported discrimination, and then file a formal complaint within fifteen days of receipt of the right to file letter.  See Johnson v. Henderson, 314 F.3d 409, 414-17 (9th Cir. 2002) (considering both elements as required); see also Kraus v.

---

[7] Based on the Claims Court Opinion, which quotes amply from the complaint before it, it appears that Plaintiff essentially used the same complaint in this case.  Compare, e.g., Claims Court Opinion at 7 (quoting complaint); with Complaint at ¶ 23 (identical language, including punctuation).

[8] Although the Complaint also appears to name the Army itself as a defendant, only McHugh moves to dismiss.  Notwithstanding, the following discussion applies equally to both Defendants, and this Court rules as to the Army as well.  See Conclusion Section.

6

Presidio Trust Facilities Div./Residential Mgmt. Branch, 572 F.3d 1039, 1043 (9th Cir. 2009). Further, he must allege these facts in his Complaint. See Williams v. California, 764 F.3d 1002, 1018 (9th Cir. 2014) (dismissing the plaintiffs' Title VII claim since they "failed to allege that they exhausted their administrative remedies with respect to any such claim" (citation omitted)).

Here, Plaintiff has not alleged that he made contact with an EEO counselor or that he filed a formal EEOC complaint regarding any discrimination or retaliation claims. The only allegation related to the EEOC at all is that Plaintiff filed a petition with the EEOC "asking for review of the [Board Decision]," and that the EEOC "rendered a final decision[.]" [Complaint at ¶¶ 16-17.] This claim, however, related to the NSA and had nothing to do with any Title VII claim, just as the EEOC concluded:

> [W]e find that, even if [Plaintiff] had sought our review of this matter in a timely fashion, the [EEOC] has no jurisdiction in this matter because the [Board's] decisions have not addressed an allegation of discrimination. The [Board's] determination regarding [Plaintiff's] settlement agreement with the [Army] that resolved his [Board] appeal is clearly a procedural matter that the [EEOC] cannot review.

[EEOC Decision at 1-2.] That is, Plaintiff has not alleged that he met with an EEO counselor or filed a complaint with the EEOC related to any claims of discrimination. Instead, he offered

7

evidence that he filed a complaint that had nothing to do with Title VII claims. Plaintiff, therefore, has failed to exhaust his administrative remedies, and this Court has no jurisdiction to consider his Title VII claims. The Court thus GRANTS the Motion as to this issue and DISMISSES WITH PREJUDICE the Complaint insofar as it alleges discrimination and retaliation claims. See, e.g., Heilman v. Sanchez, 583 F. App'x 837, 839-40 (9th Cir. 2014) (holding that "the district court did not abuse its discretion by refusing to grant leave to amend because those aspects of the complaint could not be cured by amendment" (citing Weilburg v. Shapiro, 488 F.3d 1202, 1205 (9th Cir. 2007))).

## II. **Breach of NSA**

Plaintiff also appears to allege that, in essence, the Army breached the NSA in denying him sick leave, and improperly submitting the retirement application. This claim is to enforce the NSA. Such a claim requires an independent basis for jurisdiction. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 378 (1994). Plaintiff does not provide such a basis.

Also, since Plaintiff is suing a federal agency, he may only bring this claim if McHugh (and the Army) waives sovereign immunity. The Ninth Circuit has clearly held that, in a case challenging an EEOC settlement agreement, Title VII does not provide such waiver. See Munoz v. Mabus, 630 F.3d 856, 860-61 (9th Cir. 2010) ("We now join our sister circuits in holding that

8

Congress' waiver of sovereign immunity under Title VII does not extend to suits to enforce settlement agreements entered into without genuine investigation, reasonable cause determination, and conciliation efforts by the EEOC." (citations omitted)). Since Plaintiff provides neither a basis for this Court's jurisdiction over the breach of NSA claims, nor a basis for waiver of the Army's sovereign immunity, this Court has no jurisdiction over Plaintiff's contract claims.[9] The Court GRANTS the Motion as to these claims and DISMISSES WITH PREJUDICE.

III. **Validity of NSA**

Finally, to the extent that Plaintiff attempts to undo the NSA by alleging it is invalid or fraudulent, his Complaint fails. A court "will set aside a [military] settlement agreement only if it can be shown that it is unlawful, entered into involuntarily, or was the result of fraud or mutual mistake." Robbins v. Dep't of the Navy, 502 F. App'x 951, 954 (Fed. Cir. 2013) (citing Sargent v. Dep't of Health and Human Servs., 229 F.3d 1088, 1091 (Fed. Cir. 2000) (per curiam)). The sum total of allegations relating to the validity of the NSA are as follows:

---

[9] Moreover, insofar as Plaintiff is attempting to bring an appeal of the Board Decision, this Court may not review it. This Court does not have any general appellate jurisdiction over Board decisions, since exclusive appellate jurisdiction of the Board rests with the Federal Circuit. See Elgin v. Dep't of Treasury, 132 S. Ct. 2126, 2131 (2012) ("The Federal Circuit has 'exclusive jurisdiction' over appeals from a final decision of the [Board]." (citing 28 U.S.C. § 1295(a)(9); 5 U.S.C. § 7703(b)(1))).

> 22. The July 27, 2011 NSA is invalid/fraudulent and not signed by an 'Official with Approval Authority' as required by statute. A fraudulent NSA cannot resolve Plaintiff's appeal.
>
> . . . .
>
> 24. The NSA contains mutual mistakes (settlement agreement cannot over-ride/void a Judge's ruling).
>
> 25. The NSA was coerced, is unfair and Plaintiff suffered numerous compensatory damages (return of social security benefits already paid, payment of Federal Income Taxes on income not received, illegal taking performance award and salary already paid (without due process), as well as Life Insurance coverage not requested).
>
> . . . .
>
> 28. Incidental and collateral to monetary relief, Plaintiff hereby seeks a declaration by the Court that the NSA is invalid/fraudulent . . . .

[Complaint at ¶¶ 22, 24-25, 28.] Other than bald assertions, Plaintiff provides no facts as to: what makes the NSA invalid; who coerced him and how exactly the NSA is fraudulent; what are the mutual mistakes in the NSA; and how the terms of the NSA are unfair. The law is that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a claim for relief. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Plaintiff must allege more facts that show how he was coerced into the NSA, or that the basis for the NSA was mistaken or invalid, beyond his mere conclusory allegations.

Insofar as he does not do so, it appears that Plaintiff simply regrets his decision to enter into the NSA. "However, 'mere postsettlement remorse or change of heart cannot serve as a basis for setting aside a valid settlement agreement.'" Gipson v. Dep't of the Treasury, 549 F. App'x 979, 981 (Fed. Cir. 2013) (quoting Hinton v. Dep't of Veterans Affairs, 119 M.S.P.R. 129, 132 (2013)).

Since Plaintiff provides no factual allegations for his claim that the NSA is invalid, the Court DISMISSES those claims. The dismissal, however, is WITHOUT PREJUDICE. See Akhtar v. Mesa, 698 F.3d 1202, 1212 (9th Cir. 2012) ("A district court should not dismiss a pro se complaint without leave to amend unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." (citation and internal quotation marks omitted)). Conceivably, Plaintiff could amend his Complaint to assert a valid claim of coercion against the Army. However, he must allege at least some specific facts supporting the claim that could give rise to a plausible claim. See Iqbal, 556 U.S. at 678 ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." (citation and internal quotation marks omitted)).

## CONCLUSION

On the basis of the foregoing, Defendant John McHugh's

Motion to Dismiss, filed March 11, 2015, is HEREBY GRANTED in its entirety.  Insofar as his "Complaint for Damages and Injunctive Relief - 1. Invalid/Fraudulent Settlement Agreement and for Specific Performance and Suspension; Discrimination/Reprisal and Damages," filed August 20, 2014, asserts claims for discrimination and retaliation and breach of contract, and appeals rulings made by the Merit Systems Protection Board, this Court has no jurisdiction and those claims are DISMISSED WITH PREJUDICE.  Insofar as Plaintiff attempts to assert claims that the negotiated settlement agreement between himself and the Department of the Army was entered into involuntarily, or was the result of fraud or mutual mistake, those claims are DISMISSED WITHOUT PREJUDICE.  These rulings apply equally as to both McHugh and the Army.

Plaintiff shall have until **August 14, 2015** to move for leave to file an amended complaint, if he so chooses.  The Court emphasizes that Plaintiff may not add new parties, claims or theories of liability, unless those additions are specifically

12

requested in the motion.  The Court CAUTIONS Plaintiff that, if he does not file a motion to amend by **August 14, 2015**, the Court will direct the Clerk's Office to close this case.

        IT IS SO ORDERED.

        DATED AT HONOLULU, HAWAII, June 30, 2015.



    /s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**JAMES F. OUTLAW VS. JOHN MCHUGH, ET AL.; CIVIL 14-00371 LEK-KSC; ORDER GRANTING DEFENDANT JOHN M. MCHUGH'S MOTION TO DISMISS**